## N. Y. SUPERIOR COURT.

ROBERT McGRATH, plaintiff and respondent, agt. JAMES W. BELL, defendant and appellant.

THE exclusion at the trial of evidence which at the time of its offer appears quite immaterial, will not, on appeal from the judgment, be treated as error, unless it plainly appears that the court below has been acquainted with the ground which in law might have justified its reception.

*General Term, March*, 1871.

*Before* MONELL, McCUNN, and FREEDMAN, *J. J.*

APPEAL from judgment.

The plaintiff, in his complaint, claimed to recover for salary due him upon a written contract, whereby defendant had employed him as cutter in defendant's tailoring establishment, for the period of two years, at the rate of $35 per week, and alleging, among other things, that plaintiff had been discharged without cause, although he was ready and willing to perform his duty under the contract.

The defendant, by answer, admitted the contract, and an indebtedness of about $35; but denied the discharge without cause, and set up several causes for the discharge.

COTTERILL BROTHERS, *attorneys for appellant.*

CHARLES S. SPENCER, *attorney for respondent.*

*By the Court.* FREEDMAN, J.—Upon the trial, defendant attempted to justify plaintiff's discharge upon two grounds, namely, first, that plaintiff had been guilty of violations of orders; and secondly, that plaintiff had acted in a manner derogatory to the interests of his employer.

The disobedience of orders consisted in taking down on paper a list of the names of the patterns, which plaintiff said he kept as a memorandum, so that, if any of defendant's customers gave a second order, he, plaintiff, as cutter, could know he had the patterns.   No order to refrain from doing so had ever been communicated to plaintiff by employer himself.   This question was fully and fairly submitted by the court to the jury, who found by their verdict that no such disobedience took place.   There is no exception to the charge of the court upon this branch of the case; but the appellant insists that the court erred in refusing to allow the defendant to prove that plaintiff, *after* he had been discharged, sent notices to customers whose names he had drawn off the patterns.   This evidence, being wholly irrelevant to the issues, was properly excluded.

The evidence relied on to establish that plaintiff had acted in a manner derogatory to the interests of his employer showed that on the 24th of April, 1868, plaintiff committed in defendant's store, during defendant's absence therefrom, an assault and battery upon Crancy, another employee of defendant.   It also appeared that defendant retained plaintiff in his employment eleven or twelve days after knowledge of the occurrence, and until the determination of a criminal prosecution against plaintiff by Crancy.   The learned judge below, therefore, very properly submitted to the jury the question, whether, under all the circumstances, the defendant should, or should not, be considered as having waived the previous transgression on the 24th of April, provided they found that there was a transgression on that day of the duty which the plaintiff owed to defendant.   The jury had previously been instructed that the fact of plaintiff's conviction by the magistrate (of which there was no proof), had no weight and was not sufficient, *per se*, to justify plaintiff's dismissal, but that the dismissal must be justified out of the occurrences, out of which the conviction arose.   No objection was made to these latter remarks, and the defendant

contented himself with taking a general exception to that portion of the charge which related to the question of waiver, but in the points submitted by the appellant the same has been waived.

The only remaining question, therefore, is whether the court below erred in rejecting the offer made by defendant to prove by the witness Crancy, " that the said witness made a charge against the plaintiff before a police magistrate, which was tried, and that after the decision of the magistrate Mr. Bell discharged the plaintiff," to which rejection the defendant took an exception. Now if the defendant had, prior to such offer testified, as his counsel subsequently mainly argued, that he, defendant, was unable at the time to determine upon the conflicting statements of fellow-workmen as to whether Crancy or the plaintiff was the real aggressor or otherwise at fault, and for that reason determined to and did await the decision of the magistrate before discharging either, the proposed evidence, if offered to sustain such theory, would have been admissible upon the question of waiver already referred to and its rejection under such circumstances, would probably have been error. But it was not offered for any such purpose. The very first witness called on defendant's side was, Crancy, and after he had given his version of the assault, defendant's counsel offered to prove by his testimony, that a criminal charge had been made, that a trial had been had, and that plaintiff was discharged by the defendant after the rendition of the magistrate's decision upon such trial. No foundation, therefore, had been laid for the introduction of such evidence, even if otherwise competent, nor was it pointed out to the court in what aspect of the case it might become material. When, subsequently the defendant went upon the stand as a witness upon his own behalf, the offer was not only not repeated, but the defendant wholly failed to testify to any fact or circumstance which might have had a tendency to render the said rejected evidence material No error was,

consequently committed by its exclusion at the time and under the circumstances referred to, for it is a well settled rule under the English practice as well as our own, that an offer of evidence must be made in such terms as to leave no room for doubt as to its competency and materiality under a proper definition of the law applicable thereto, and if not so made, a general exception to its exclusion will not be available unless it appears plainly that the court under-stood the ground which in law might have justified its reception.

The appeal in this case being from the judgment merely, the only questions open for review are questions of law arising upon the exceptions presented by appellant's points, and such exceptions having been found to be untenable, the judgment appealed from, must be affirmed, with costs.