MARGUERITE .C. TRAPHAGEN, PLAINTIFF IN ERROR, v. ERIE RAILROAD COMPANY, DEFENDANT IN ERROR.

Submitted March 26, 1906—Decided November 19, 1906.

1. Plaintiff was injured while alighting from a passenger coach of the defendant by her heel catching on the step. The negligence alleged is the height of the step from the ground. The car did not differ from other cars of the defendant and there was no evidence that the height was unusual. *Held*, that there was no evidence of negligence for the jury.

2. A railroad company must afford reasonable means for passengers to alight and use careful judgment in the method of construction it adopts, but is not bound to exercise an infallible judgment, and is guilty of no breach of duty if the method of construction adopted is in common use and approved by experience.

On error to the Supreme Court.

For the plaintiff in error, *Warren Dixon.*

For the defendant in error, *William H. Corbin* and *George S. Hobart.*

The opinion of the court was delivered by

SWAYZE, J. The plaintiff was injured May 22d, 1900, while alighting from a passenger coach of the defendant at Ridgefield. The negligence relied on, as stated in the plaintiff's brief, is threefold—stopping the car at a point beyond the platform, failure of the train crew to assist the plaintiff to alight and a structural defect in the step of the car. The plaintiff's own account of the accident is as follows: "I took hold of the railing with my right hand, and I put my right foot down first, but as I didn't reach the ground I slipped forward and my left foot slipped along until it caught at my heel, which drew up my knee, and I came bent down on my knee, which broke the knee pan." In answer to a

subsequent question, she said: "Why, I simply attempted to step down, and when I found I couldn't reach the ground, why I fell forward." There is no other account of the accident. It happened shortly after twelve o'clock, on "a very clear, beautiful day." There was evidence that the step was about twenty-four to twenty-six inches from the ground, but this was a mere estimate of the witness, not an actual measurement. A question was asked as to the effort required of an average adult in alighting from such a step, but the question was withdrawn without being answered, and the same witness testified that there was nothing unusual about this car in that respect. Two gentlemen went down the same steps just ahead of the plaintiff, and as far as the case shows alighted without difficulty. There was also evidence that a footstool was often placed to aid passengers to alight, and generally someone helped the passengers off.

At the close of the plaintiff's case the trial judge ordered a nonsuit.

The plaintiff's evidence makes it clear that her injury is not to be attributed to the condition of the ground where she undertook to alight, but to her heel catching on the step before she touched the ground. As she herself testified, the cause of her fall was that she couldn't touch the ground with her foot. It is therefore unnecessary to decide whether or not such a landing place as the company provided was adequate.

The failure to provide a footstool and to assist the plaintiff in alighting was obvious to the plaintiff, and if she had desired such assistance she should have at least made her desire known to the conductor, who was close at hand. No liability attaches to the defendant by reason of these circumstances.

The only point that merits serious consideration is the suggestion of a structural defect in the steps of the car. The only defect alleged is the height of the step from the ground. There is no proof that this height was unusual; indeed, the proof is that the car was not different from other cars of the

defendant, and there is an entire absence of proof as to the height of steps on cars of other railroads. If we may be presumed to know that the steps of some cars are lower, we may also be presumed to know that the height varies with different railroads, with different cars upon the same road, and even with different cars of the same train. No standard height is shown to have been adopted and the managers of each railroad apparently use their own judgment. That judgment varies, doubtless on account of the different problems with which each road has to contend. Whether the height of the step be high or low, accidents will happen that might be avoided in each particular case if the height were different. For instance, in *Laflin* v. *Buffalo and Southwestern Railroad Co.,* 106 *N. Y.* 136, the complaint was that the step was too low and that a space was left between the second step and the edge of the platform. We do not know—and there is no evidence to enlighten us—whether it is practicable to have all platforms so constructed that the steps of the cars may be of a standard height. The existing differences in the usage of different railroads would indicate that such a standard is not practicable. The fact that the use of a footstool is so common, as the evidence here shows it is, is another indication that it has been found impracticable or undesirable to have the car steps lower.

We do not mean to say that a railroad company can construct the steps of its cars as it pleases. It must, of course, afford reasonable means for alighting and must use careful judgment in the method of construction it adopts, but when it appears, as in this case, that the steps are similar to those in common use, which must have proved sufficient for hundreds of passengers, and were actually sufficient for two passengers who alighted just before the plaintiff, and when, also, there is a failure to prove any departure from the usage of other railroads, we think there is no proof which would justify a jury in finding the defendant negligent. To permit such a finding would practically substitute the judgment of a jury for the judgment of the railroad managers, the result

would vary with each case, and subject the railroad to the danger of being found guilty of negligence no matter what plan it adopted.

The view we have adopted is the same which was taken by the Court of Appeals in New York in the case cited above. The general principle is the same stated by Chief Justice Beasley in *Hoff* v. *West Jersey Railroad Co.*, 16 *Vroom* 201. As he there said, the railroad company is not bound to exercise an infallible judgment. It is guilty of no breach of duty if it selects an instrument in common use and approved by experience.

The judgment of nonsuit should be affirmed.

FORT, J. (concurring). I shall vote to affirm the nonsuit in this case solely upon the ground that there was not sufficient proof to go to the jury upon the question of whether the car steps and the station platform were constructed in the ordinary way, and with that high degree of care required to make them reasonably safe for passengers when alighting from the train.

I am unwilling to assent to any view that would intimate that it is not always a question for the jury, in the given case, whether or not, under the proof, the car steps and the station platform are reasonably safe for passengers to alight from the train.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, SWAYZE, REED, BOGERT, GREEN, GRAY, DILL.    12.

*For reversal*—PITNEY, VREDENBURGH, VROOM.    3.