SARAH B. FEIL v. WEST JERSEY AND SEASHORE RAIL-
ROAD COMPANY.

Argued November 30, 1908—Decided March 22, 1909.

1. The duty which a railroad company owes to its passengers with
   relation to the construction of its station platforms is to take care
   that the method of construction adopted by it will render the plat-
   form as safe for the use of passengers as the exigencies of its
   business will permit.
2. The adoption by a railroad company of a method of platform con-
   struction which accords with that in general use by well regu-
   lated railroad corporations, and which is approved by experience,
   is a due performance of the duty which it owes to its passengers
   in that regard.
3. In order to support an allegation that a railroad company has
   constructed its station platform without due regard to the safety
   of its passengers, the party who so alleges must show that the
   platform is of a design which a reasonably careful judgment
   would disapprove as being likely to cause accident to persons
   using it as a way to and from trains.

On error to the Supreme Court.

For the plaintiff in error, *Carrow & Kraft.*

For the defendant in error, *Bourgeois & Sooy.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  The plaintiff, a school teacher
residing at Vineland, became a passenger of the defendant
company on November 14th, 1906, to be carried from Vine-
land to Cape May, where a teachers' institute was being held.
From Vineland to Millville the defendant company's road
was operated by electricity; from Millville to Cape May it
was operated by steam.  The tracks of the electric road at
Millville station were on the west side of the platform, and
those of the steam road were on the east side.  Passengers
going from Vineland to Cape May were required, when they
reached Millville, to alight from the electric train and walk

across the station platform to board the Cape May train. A certain portion of the platform was depressed so as to form a part of a truckway from the electric road to and across the tracks of the steam road, in order, apparently, that baggage might be conveniently and rapidly transferred from the one road to the other. The depression in the platform was gradual, its lowest point being on a level with the top of the rails, and about ten inches below the ordinary level of the platform. Plaintiff got off the electric train with about fifty other passengers, and started to walk across the platform with them to the Cape May train, in response to the invitation of the conductor of that train, who called out to the plaintiff and her fellow-passengers "All aboard." As she was proceeding across the platform she came to the truckway without observing it, or being aware of its existence, and, in unconsciously stepping down some eight or ten inches from the higher to the lower level, lost her balance, fell, and quite seriously injured herself. This being the case made by the plaintiff the trial court directed a nonsuit, and error is assigned upon such direction, on the ground that the facts recited would support a finding by the jury that the defendant had failed to use reasonable care to provide a safe platform for its passengers.

It is elementary law that in actions for the recovery of damages charged to the negligence of a common carrier, it must appear that there has been a breach of duty on his part, or on the part of those toward whom he stands in the position of master, which has produced the injury. The duty which a railroad company owes to its passengers, with relation to its station platforms, is to take care that the method of construction adopted by it will render the platform as safe for the use of its passengers as the exigencies of its business will permit. The degree of care which it is required to take is that which is exhibited by persons of ordinary prudence under like circumstances, and, so, the adoption of a method of platform construction which accords with that in general use by well regulated railroad companies, and which is approved by experience, is a due performance of the duty which it owes to

its passengers in that regard. This is the principle of decision in *Hoff* v. *West Jersey Railroad Co.,* 16 *Vroom* 201; *Dotson* v. *Erie Railroad Co.,* 39 *Id.* 679; *Vallaster* v. *Atlantic City Railroad Co.,* 43 *Id.* 334, and *Traphagen* v. *Erie Railroad Co.,* 44 *Id.* 761.

There is nothing in the present case to support the conclusion that the defendant company failed to observe the degree of care indicated in the construction of its platform at the Millville station. There is no proof that it differs in its character from platforms in general use by the defendant and other railroad companies, and no presumption of want of due care arises from the fact that a railroad company, presumably to meet the requirements of its traffic, has constructed its platform in such a way that one portion of it is lower than another, when the difference of level is not greater than the height of an ordinary step. Negligence must be proved, and, in a case like the present, that can be done only by showing that the platform is of a design which a reasonably careful judgment would disapprove as being likely to cause accident to persons using it as a way to and from trains. To hold otherwise would be to leave railroad companies to the mere caprice of juries, and subject them to the danger of being found guilty of negligence no matter what plan of construction they might adopt.

It is argued that even if it be held that the defendant company has not been shown to have failed in its duty to provide a proper platform for the use of the plaintiff, still it was charged with the duty of warning her of the depression in it, and that its failure in this respect rendered it liable to answer to the plaintiff for the injury received by her. We think no such burden rests upon these corporations. The duty of a railroad company to take care for the safety of its passengers, so far as the furnishing of appliances is concerned, is fully performed when those appliances are of a standard character and in proper repair. It is under no obligation to call the attention of its passengers to the way in which its platforms, its stations, its cars or any other of its appliances furnished for the use and transportation of its passengers are con-

structed, providing the method of construction is that which is generally adopted by other well regulated railroad companies.

The judgment under review will be affirmed.

*For affirmance*—The Chief Justice, Garrison, Swayze, Reed, Trenchard, Parker, Bergen, Voorhees, Bogert, Vredenburgh, Vroom, Gray, Dill, J.J.   13.

*For reversal*—The Chancellor, Minturn, J.   2.