ESSEX COUNTY COURT OF COMMON PLEAS.

THOMAS ROACH, PETITIONER-APPELLEE, v. YELLOW CAB
COMPANY, INCORPORATED, RESPONDENT-APPELLANT.

For the petitioner-appellee, *David Roskein.*

For the respondent-appellant, *John A. Bernhard.*

FLANNAGAN, J. This is an appeal from an award made by the workmen's compensation bureau.

The burden was upon the petitioner, a taxicab driver for the respondent Yellow Cab Company, to show that his injuries arose out of his employment. He undertakes to do this by his own testimony to the effect that an assault upon him, which caused his injuries, was made as a retaliation by a driver of a competing concern because he had earlier that night accepted as a passenger a man who was at the time being conducted by such rival driver to his own cab but who, upon seeing the cab (a yellow cab) driven by petitioner, preferred that cab and insisted upon taking it. The petitioner relies upon *Emerich* v. *Slavonian Roman Greek Catholic Church,* 93 *N. J. L.* 282. In that case an employe was shot and killed while insisting, in the discharge of the duties of his employment, upon the proper change due his employer upon a sale which he was in the act of completing for his employer. It was found as a fact in that case that his injuries thus arose out of his employment.

But the question in the instant case is whether or not, as matter of fact, the incident alleged as above recited really did in fact actually occur. If the assault was by way of retaliation for this act of petitioner, it would be one thing, but if the assault was due to some personal quarrel, grudge or difference, provoked by petitioner in connection with his own affairs, it would be quite another.

The particulars of this alleged incident are these: The petitioner testifies that he received a "box call" to go to a certain point (South Orange avenue near Sanford avenue) for a "fare." Upon going there he met a man who had been drinking coming out of a cafe and cigar store in the company of a driver of a rival cab company. This man, on seeing petitioner's yellow cab, stated that he wanted a yellow cab and insisted upon taking petitioner's cab. The petitioner then drove this passenger to a certain butcher shop at Eleventh street, where the passenger got out and spoke to the man in the butcher shop. The petitioner then drove such passenger to a saloon at 120 Orange street, where the rival driver who had followed him threatened that he would be "liable to get into trouble." The petitioner then proceeded alone to the Hudson Manhattan Tube station where he drove his cab into an alleyway used by the Yellow Cab Company, and upon alighting from his cab he was there assaulted by two men, one of whom he recognized as the driver of the rival cab. He thereupon got into his cab and went to look for his assailant who had left the scene.

These allegations all rest upon the uncorroborated testimony of petitioner alone. Whether he received his injuries in the alleyway or elsewhere, how he received them, and whether he received them in consequence of a controversy connected with his employment and arising out of some act in the performance of his employer's business, rests exclusively upon his own testimony.

His testimony should be accepted only with some hesitancy. For a long period until recent years the testimony of an interested party was not deemed of sufficient credibility to justify its admission at all. See 1 *Wigm. Ev. (2d ed.)* 1004, § 577.

The surrounding circumstances cast suspicion upon petitioner's testimony. Although he is very clear as to every essential detail upon which his case rests his memory is markedly defective as to occurrences earlier in the evening before those events are stated to have commenced. His conduct also seems inconsistent with the natural course to pursue, in that he failed at the time of the assault to notify the respondent's starter, who was located at the tube station, but drove off in his cab alone in an unsuccessful effort to apprehend his assailants. As these persons were in superior force, and at least one of them from a rival concern, it seems unnatural that he did not speak to some of his associate drivers and to the starter and obtain assistance in overtaking and apprehending his assailants. While he now testifies that he recognized one of his assailants as the driver of the opposition cab company who had threatened him, he said in a previous statement that he did not recognize his assailant.

The most serious obstacle, however, to the acceptance of petitioner's story seems to me is his failure either to produce corroboration of his testimony to the facts and circumstances at the time he took the pasenger from the rival driver or to give any satisfactory explanation of his failure to do so. It is from these occurrences that he asks the court to hold that the assault upon him was in retaliation for an act done by him in pursuit of his employer's business. He relies upon these circumstances to establish an "accident" arising out of his employment.

It is obvious that his testimony in regard to these alleged occurrences was possible of corroboration by the production of the passenger who preferred the yellow cab to the one he was being led to by the competing driver. Yet he gives no reason for not producing this passenger as a witness, and shows no effort to find or produce him. The passenger was slightly intoxicated and may well have attracted attention and been known at the cafe where the petitioner found him or at the saloon where petitioner left him. He stopped at a butcher shop at Eleventh street and spoke to the man in the shop. Yet the petitioner shows no inquiry of the man in

the butcher shop as to whether the passenger was known to him, and shows no inquiry at either of the two saloons at which he was seen on the night in question. Indeed, the petitioner discloses no effort whatever to find this witness who could corroborate his testimony in vital essentials. He offers no explanation or excuse for his failure to produce him. If the defendant had made inquiry of the butcher and at the places where he saw and took his passenger and had made any effort to find and produce this witness it would have been easy to show it.

Where in a suit for damages by a husband and wife for personal injuries to the wife in an automobile accident case, the plaintiffs failed to call the physicians, who attended the wife, to support her claim, the Supreme Court said: "The plaintiffs did not call the physicians who had attended Mrs. Nelson immediately after the accident. The jury had the right to infer that they were not called because, if called, they would not testify favorably to the plaintiffs on the subject of Mrs. Nelson's injury." *Nelson* v. *Public Service Transportation Co.,* 5 *N. J. Mis. R.* 73. In *State* v. *Raymond,* 53 *N. J. L.* 260, the court says (at *p.* 262) : "The jury lawfully may draw unfavorable inferences against a party who can, but does not, produce a witness whose testimony would aid his cause if his cause were just." The court added: "And to prevent such an inference for the non-production of Bouton the prisoner was entitled to the benefit of his excuse of inability." Page 262.

In *State* v. *L. Codington,* 80 *N. J. L.* 496, the court (Chief Justice Gummere writing the opinion) approved the charge of the trial court to the jury that "you have a right to consider the fact that others who might have helped to establish these things by corroboration were not called." Page 499. The same principle was applied also in *State* v. *Callaghan,* 76 *Id.* 426 (at *p.* 428).

The court would not, of course, be justified in treating the absence of this witness as equivalent to affirmative proof, viz., as equivalent to his presence with adverse testimony by him. But the court is justified in drawing inferences un-

favorable to petitioner from the witness' absence under the circumstances recited.

The petitioner's story is not convincing. It is branded with self-interest, improbable in the respects above indicated, and is, without explanation, uncorroborated in its most vital aspects where corroboration was apparently, with due diligence, obtainable. I am constrained, on the whole, to reject it. As the burden was upon the petitioner I find that the injuries did not arise out of his employment.

Let counsel prepare findings in accordance with rule six of this court and with this memorandum.