WILLIAM DOOLEY, PLAINTIFF-RESPONDENT, v. SAUNDERS U-DRIVE COMPANY, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellant, *John A. Laird.*

For the respondent, *William Herda Smith.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment in favor of the plaintiff below, who, while crossing a highway, was struck and injured by an automobile operated by one Philip Canizza, one of the defendants below. The Saunders U-Drive Company alone appeals from the judgment and assigns three grounds why such judgment should be reversed.

The first of these grounds is that the trial court erred in refusing to nonsuit the plaintiff.

The only reason advanced upon this motion was that the plaintiff below was guilty of negligence, as a matter of law, which negligence contributed to the happening.

Our consideration of the proofs does not bring us to this conclusion, but, on the contrary, that they presented a jury question. The result reached by us upon this ground, therefore, is that there was no error in refusing to grant the motion to nonsuit.

The second ground for reversal is that the trial court erred in refusing to direct a verdict in favor of the appellant.

In that respect we find there was error. The motion to direct was placed upon the ground that there was no proof showing that the appellant was in any manner responsible or legally liable for the happening. The driver of the car testified that he hired the car from the appellant and that in the use and operation of the car he was in and about his own business affairs and pleasure.

The learned trial judge took the position that, it having been shown that the car was owned by the appellant, and the testimony of the driver, being all that there was to overcome the presumption that it was being operated for the owner as laid down in *Mahan* v. *Walker*, 97 *N. J. L.* 304, and his veracity having been attacked by contrary proofs upon the question of his negligence, it therefore became a jury question whether or not his testimony upon the point in question was true and overcame the foregoing presumption.

But we conclude that in this respect the trial judge was in error and misconstrued our conclusions in *Doran* v. *Thom-*

*sen,* 76 *N. J. L.* 754; *Crowell* v. *Padolsky,* 98 *Id.* 552; *Tischler* v. *Steinholtz,* 99 *Id.* 149; *Mauer* v. *Brown,* 106 *Id.* 284, and *Patterson* v. *Surpless,* 107 *Id.* 305.

All of these cases hold that the presumption of ownership and operation set up by *Mahan* v. *Walker, supra,* is overcome by uncontradicted evidence to the contrary. Upon this question there was such proof. That the same witness may have been contradicted and his testimony attacked upon the question of the actual happening which caused the injury of the plaintiff below is entirely beside the question. It properly presented a matter requiring the finding of the jury upon that particular question. His testimony upon the question of the liability of the appellant, however, was not attacked or controverted by any other proofs, nor was it subject to contradictory interpretations. Under such conditions the motion for direction of verdict should have been granted and it was error not to have done so.

The remaining ground of appeal is directed at the instruction of the trial court to the jury upon this same point and as the verdict should have been directed in favor of the appellant it is unnecessary to consider it.

The judgment under review is reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.