ELLA PREDMORE, PLAINTIFF, v. HARRY J. DICKERSON, DEFENDANT.

Decided May 1st, 1933.

For the rule, *Cox & Walburg*.

Opposed, *King & Vogt*.

LAWRENCE, C. C. J. Plaintiff was injured in falling when attempting to descend the stairs from the second to the ground floor of a store and office building owned by defendant. She brought suit to recover alleging that the stairway as it left the landing at the top had been negligently con-

structed and so maintained. The jury rendered a verdict in her favor at the trial. Under the rule taken out by defendant, it was argued that the negligence charged had not been shown, either as to faulty construction or maintenance, and that there was no proof, therefore, that plaintiff's injuries had been due to defendant's negligence. It appeared that the interior of the building had been remodeled by him sometime before the accident to plaintiff, and that the stairs had been rebuilt in the manner disclosed by the evidence in order to gain more space on the first floor. The method of construction adopted was said, by the architect who had the preparation of the plan and the supervision of the work, to be in common use and approved by experience.

Five or six of the steps at the top are constructed fan shape and wind sharply to the left on leaving the landing at the second floor. At the right side next to the wall there is no guard rail and the treads are approximately seventeen and one-half inches wide, while on the left they diminish to a width of two or three inches, where there is a newelpost placed at the end of a balustrade on the landing running back to the wall. The steps at the narrow side provide no adequate footing and are obviously unsafe for use, although the newel is so placed that anyone coming out of the adjoining office with the intention of descending would, not unnaturally, place the left hand on the top, since the exit door of the office is practically opposite the post.

Mrs. Predmore, who is an elderly woman and wears glasses, on coming out of the office, where she had been on business, at the time of the accident, took two or three steps across the landing, found herself next to the newelpost, placed her left hand on the top for support and in putting her foot down on the narrow part of the first tread fell, because of its insufficient width, and was injured. It is to be observed that had she undertaken to descend at the right side of the stairway, as she had ascended, she would have found safe footing, and, in the exercise of due care, would not have fallen.

There was testimony at the trial, offered in behalf of defendant, that the method of construction of the stairway was

in common use and approved by experience, and that the particular design was made necessary by the structural conditions existing at the time the building was remodeled. Plaintiff, on the other hand, offered no evidence, beyond the description of the stairway and the fact that she had fallen, thus leaving the case without adequate proof, upon which the verdict in her favor could be supported, that the design at the top was such as a reasonably careful judgment would disapprove as likely to cause accidents to those having lawful occasion to use the stairway. *Traphagen* v. *Erie Railroad Co.,* 73 *N. J. L.* 759, 761; 64 *Atl. Rep.* 1072; *Feil* v. *West Jersey and Seashore Railroad Co.,* 77 *N. J. L.* 502; 72 *Atl. Rep.* 362; *Kingsley* v. *Delaware, Lackawanna and Western Railroad Co.,* 81 *N. J. L.* 536; 80 *Atl. Rep.* 327.

In view of this state of the evidence, it would seem, under the rule laid down in the cases cited that the jury was not justified in finding the issue of negligent construction and maintenance against defendant. The rule to show cause will be made absolute.