ANNA TOSCANI AND JAMES TOSCANI, PLAINTIFFS-APPEL-
LANTS, v. QUACKENBUSH COMPANY, DEFENDANT-
APPELLEE.

Submitted October 13, 1933—Decided January 23, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellants, *Leopold Frankel.*

For the appellee, *Franklin J. Marryott.*

The opinion of the court was delivered by

PERSKIE, J.   This appeal brings up for review a judgment of nonsuit granted by the trial judge, sitting without a jury, in favor of the defendant and against the plaintiffs. The facts are as follows: The plaintiff in this case Anna Toscani, a heavy set woman, was injured on November 14th, 1932, in falling while attempting to descend the stairs from the second to the ground floor in the store of the defendant. The negligence charged in the complaint, as causative of the accident, was that the stairway, fan shaped in character, was faulty in construction and that this alleged faulty construction was known to defendant. Proof was submitted that the stairway was constructed contrary to sections 249 and 297 of the

building code of Paterson. This code, as to the stairway involved, was adopted May 19th, 1930, and approved May 23d, 1930. It is argued that the stairway was part of the original construction of the building and was constructed prior to the passage of the building code. At all events it was shown that the tread of the stairway was short one and one-half inches of section 247 of the code applied and one-half inch short if section 297 of the code applied. The stairs were built narrower in the center than at the ends. The photograph of the stairs show a railing in the center and on each side thereof.

The court granted a nonsuit without giving any reason for so doing. It is true that in the case of *Ippolito* v. *Ridgefield,* 94 *N. J. L.* 97, our Court of Errors and Appeals, by Chancellor Walker (at *p.* 99), held, *inter alia:* "The trial judge gave no reason for his action in granting the nonsuit. This also is not in accord with approved practice." Nevertheless the reversal was not based on that ground. We do not choose, in the instant case, to regard the omission to state the reason for the granting of the nonsuit as reversible error.

We start out with the fundamental principle that in passing upon motions to nonsuit and to direct a verdict upon the ground that there was no evidence of the defendant's negligence, the court is not concerned with the credibility of witnesses nor with the weight of the evidence, but must take as true all evidence which supports the plaintiff's view and must give him the benefit of all legitimate inferences which may be drawn therefrom, in his favor; and where the evidence is such that reasonable minds may differ as to the fair conclusion to be drawn therefrom as to whether or not the defendant exercised reasonable care, a jury question is presented, and such motions must be denied. *Lozio* v. *Perrone,* 111 *N. J. L.* 549.

Taking as true all the evidence which supports the plaintiff's view and giving her the benefit of all legitimate inferences which may be drawn therefrom in her favor, it seems to us that reasonable minds cannot differ as to the fair conclusion to be drawn. The alleged negligence of the defendant is simply not present.

Assuming it to be a fact that the steps in question did not comply with the measurements provided in the building code, and that it is fairly inferrable that the stairs were in the building before the code was passed, it is well settled that penal statutes which gives no private action may nevertheless affect private rights upon common law principles applicable to the action of negligence. *Evers* v. *Davis,* 86 *N. J. L.* 197; *Kelly* v. *Henry Muhs Co.,* 71 *Id.* 358; *Guse* v. *Martin,* 96 *Id.* 262; *Doyon* v. *Massoline Motor Car Co.,* 98 *Id.* 540; *McNamara* v. *Mechanic's Trust Co.,* 106 *Id.* 532; *Reeves* v. *Prosser,* 109 *Id.* 485, and *Kuczko* v. *Prudential Oil Corp.,* 110 *Id.* 111.

Plaintiff offered to prove by a general contractor of twenty-odd years' experience in industrial, commercial and public works that the stairs were hazardous because of its faulty construction. This was undoubtedly done in order to bring the instant case within a recent case decided by Circuit Court Judge Lawrence. *Predmore* v. *Dickerson,* 11 *N. J. Mis. R.* 342; 165 *Atl. Rep.* 867.

The following questions were propounded to the builder, Mr. Stam:

"*Q.* Based on your experience, would you say that a winder such as the one in question here is a safe form of construction? *Q.* Mr. Stam, could you, as a builder, say that the design of the stairway was such as a reasonably careful judgment would disapprove as likely to cause accidents to those having occasion to use the stairway, in particular that part of the stairway right near the top of the landing, that is the second or third step?"

These questions were overruled. It is argued that this is reversible error. Is this so? As a matter of law, the propriety of the ruling by the court is not properly before us. No offer·of proof, as to what the witness would testify, was made. Therefore the answers of the witness to these questions are conjectural. We are neither obliged nor are we permitted to indulge in guess work. It is quite obvious that since we do not have before us the testimony sought to be produced by the witness, that it is utterly impossible for us to determine

whether the rejection thereof injuriously affected the substantial rights of the plaintiff. (Paragraph 27, Practice act—*Pamph. L.* 1912, *ch.* 231, *p.* 377—at *p.* 382.) Our Court of Errors and Appeals, in the case of *Middleton* v. *Griffith,* 57 *N. J. L.* 442 (at *p.* 451), in an opinion by Mr. Justice Lippincott, clearly established the proper practice on the subject-matter of the offer and the purpose for which evidence is offered. He held:

"The offer of the agreement was intended to show satisfaction of the note. That was the only purpose in law it could have. Now, the offer of evidence frequently occurs in the progress of a cause, and with a statement for the purpose for which it is offered, and it is always subject to an objection for irrelevancy or immateriality. This method has the sanction of usage, and may be now regarded as a well regulated formula for obtaining a hearing upon the subject-matter of the offer and the purpose for which the evidence is offered. *VanBuren* v. *Well,* 19 *Wend.* 203. The trial court is bound to ascertain, as certainly as possible, if objection be made, that the evidence offered is material and relevant before it is received, and counsel must not leave it in an indefinite or doubtful shape, but are bound to inform the court of the facts expected to be proved, and how they are relevant, so that the court may act understandingly in relation to the admission of the evidence. 3 *Wait L. & P.* (*5th ed.*) 474. And the offer must be so full and specific that its exclusion would be erroneous in any point of view; and whenever its competency or materiality depends upon the facts, they must be stated, and the offers must also be made to prove them, or it is not error to sustain the objection. It rests with the party making the offer to so state the facts that there shall be no doubt what is intended to be proved, for if the party so chooses he need not make any offer of evidence at all, but rely upon the evidence to be obtained from the witnesses as called. *Carnes* v. *Platt,* 4 *Jones & S.* 361; *Keller* v. *New York Central Railroad Co.,* 2 *Abb. De.* 480; *McGrath* v. *Bell,* 1 *Jones & S.* 195; 2 *Rum. Prac.* 297; *Bayliss* v. *Cockroft,* 81 *N. Y.* 363."

Without an offer and purpose for which the evidence was offered appearing it was not error to exclude the answers to questions propounded.

Was the width of these stairs causative of the accident? There is no such proof in the instant case. It is elemental that causation must appear in any case based on negligence. The plaintiff must prove negligence. The plaintiff's own explanation of the accident was that she "just missed" her footing and fell. Surely, this is no proof of causation or negligence. We find no merit in any of the other specifications of determination with which appellants are dissatisfied in law.

Judgment is affirmed, with costs.