NICHOLAS J. KIRRER, PLAINTIFF-APPELLEE, v. MAX H. BROMBERG AND MORRIS EDELMAN, DEFENDANTS-APPELLANTS.

Submitted January 26, 1934—Decided May 16, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Heller & Boss* (*Aaron Heller*, of counsel).

The opinion of the court was delivered by

PERSKIE, J. This appeal involves two suits by the same plaintiff against the same defendants and arise out of one and the same automobile accident which occurred on June 22d, 1933, in the city of Passaic. One suit was for personal injuries sustained and the other for moneys expended for medicine, medical treatment and for loss of wages. The two cases were tried together and judgments of $350 and $250 respectively were entered against both defendants in each case. The defendant Max H. Bromberg appeals. The sole specification of determination with which he is dissatisfied in point of law is: "That the trial court erred in refusing to direct a verdict in favor of the defendant Max H. Bromberg and against the plaintiff at the close of the entire case to which motion exception was duly prayed for and granted."

The record discloses conclusively that Bromberg was the owner of the automobile in question. That the automobile was operated by one, Edelman, who was an employe and father-in-law of Bromberg. That at the time of the accident Edelman was driving the automobile without the knowledge of Bromberg and for Edelman's own private use. That the mission on the part of Edelman was not in anywise connected with or for the business of Bromberg. In fact, Edelman was on his way, in the automobile, looking for rooms he was about to rent for his own family when this accident happened.

The testimony established indubitably that Edelman was not on any business of Bromberg. "Q. Has anybody a right to take those cars out for a ride? A. Absolutely not, except on company business. Q. On this particular day do you know whether or not Mr. Edelman was going on company business? A. He was not." * * * "Q. Mr. Edelman, on the day of this accident where were you going? A. I was going over to look for rooms for myself. It was in the papers. I went over to see a flat. Q. Were you going for any parts for the company? A. No. Q. Were you going on any of the company's business? A. No, not at that time."

Our study of the evidence fails to disclose any denial, rebuttal or contradiction of this testimony. It stands free of any contradictory interpretations.

We are of the opinion that this case is controlled by the case of *Tischler* v. *Steinholtz*, 99 *N. J. L.* 149, in which Mr. Justice Trenchard, author of the opinion, for the Court of Errors and Appeals, held (at *p.* 152) :

"The evidence showed that the car was owned by the defendant Morris Steinholtz. Such proof of defendant's ownership of an automobile driven on a public highway raises a presumption of fact that such automobile was in the possession of the defendant, if not personally, then through his servant, the driver, and that such driver was acting within the scope of his employment. Of course, both or either of these presumptions may be overcome by uncontradicted proof to the contrary; and if so overcome by uncontradicted proof that the automobile was not in the possession of the owner or his servant, or was not being used by the servant within the scope of his employment, then a motion for a direction of a verdict for the defendant owner will be granted. If, however, the evidence is contradictory, or reasonably subject to contradictory interpretations, the question of liability is for the jury. *Doran* v. *Thomsen,* 76 *N. J. L.* 754; *Missell* v. *Hayes,* 86 *Id.* 348; *Mahan* v. *Walker,* 97 *Id.* 304." See, also, *Crowell* v. *Padolsky,* 98 *Id.* 552; 120 *Atl. Rep.* 23; *Maurer* v. *Brown,* 106 *N. J. L.* 284; 149 *Atl. Rep.* 336; *Patterson* v. *Surpless,* 107 *N. J. L.* 305; 151 *Atl. Rep.* 754; *Dooley* v. *Saunders, &c., Co.,* 109 *N. J. L.* 295; 162 *Atl. Rep.* 556, and *Harris* v. *Kline,* 8 *N. J. Mis. R.* 575.

No brief was submitted for the plaintiff.

Although the point is not raised, we desire to further point out that plaintiff split up his cause of action into two suits, one for personal injuries and the other for medicine and medical expenses and loss of wages. The cause of action in the instant case was predicated on a trespass to the person. Such an action is not subject to a subdivision for the damages claimed in the instant case. In the case of *Smith* v. *Red Top Taxi Cab Corp.,* 111 *N. J. L.* 439, Mr. Justice Heher, for

our Court of Errors and Appeals, held that compensation for a physician's services for treatment for injuries received in an accident cannot be classified as damages to property, nor can loss of time or diminution of earning power. All of these are damages directly flowing from the alleged wrongful act.

Judgments against Max H. Bromberg are reversed.