ANNA SHIELDS AND GEORGE SHIELDS, PLAINTIFFS-RESPONDENTS, v. YELLOW CAB, INCORPORATED, AND SAMUEL WEINER, DEFENDANTS-APPELLANTS.

Submitted May 25, 1934—Decided September 27, 1934.

For the respondents, *Charles W. Chadwick* (*Donald B. Munsick*, of counsel).

For the appellants, *Mr. Henry H. Fryling* (*James O. Boyd*, of counsel).

The opinion of the court was delivered by

PERSKIE, J. The respondents, wife and husband, who were the plaintiffs in the court below, instituted suit against appellants, Yellow Cab, Incorporated, and its driver, Samuel Wei-

ner, defendants in the court below, for alleged personal injuries and resultant damages claimed by them as a result of the alleged reckless, careless and negligent manner in which Weiner operated the taxicab which struck Anna Shields.

The gravamen of the plaintiffs' alleged cause of action is specifically set forth in the second paragraph of their complaint. It is as follows:

"2. The said defendant Yellow Cab, Incorporated, at that time and place was the owner of a taxicab which was under the control and operation of the defendant Sam Weiner, its agent or servant, and the said defendant Yellow Cab, Incorporated, through its said agent and servant, Sam Weiner, did then and there so recklessly, carelessly and negligently and improperly drive and operate its said taxicab as to cause it to run into and collide with the plaintiff Anna Shields."

The Yellow Cab, Incorporated, answered this paragraph in the following manner:

"2. In answer to paragraph two, it admits that this defendant owned and operated the taxicab. It denies the balance thereof."

Samuel Weiner filed no answer but is joined in this appeal. Neither the Yellow Cab, Incorporated, nor Samuel Weiner offered any testimony. Anna Shields was the only witness to the accident which, according to her testimony, took place on Broad and Park streets, Newark, New Jersey, on August 12th, 1931. She claimed that while crossing Broad street, from west to east, after having made due observation that all traffic was standing still and before reaching her destination, she was hit in the back and was taken to the hospital.

At the conclusion of plaintiffs' case counsel for appellants made a motion for a nonsuit on the ground that there was no testimony given as to what hit the plaintiff. The record indicates that this motion, after argument, was withdrawn.

"Counsel for defendants moves for a nonsuit on the ground that there has been no testimony given as to what hit the plaintiff, which motion, after argument, is withdrawn, the defendants admitting ownership and operation of the yellow cab operating south on Broad street."

A further motion for nonsuit based on contributory negligence was also made and denied. A still further motion was made for a nonsuit on the ground that there had been no negligence shown as to the driver, Weiner. This latter motion was also denied. The driver, Weiner, was sworn, but was withdrawn. As to Weiner, we desire to mark the fact that in addition to the admission of "ownership and operation," as set forth in paragraph 2 of the complaint, namely, "Yellow Cab, Incorporated, * * * was the owner of a taxicab which was under the control and operation of defendant Sam Weiner, its agent or servant, * * *" the plaintiff testified that: "*Q.* And where did the taxicab take you? *A.* It took me to the hospital and I said, 'my back, my back, somebody shot me,' and he said, 'no, I hit you.' "

Counsel for appellants then made a motion for a directed verdict on, substantially, the following grounds as to Yellow Cab, Incorporated: (1) absence of negligence on its part; (2) contributory negligence on the part of the plaintiff; (3) no testimony to show that defendant's cab struck plaintiff. As to Weiner, a like motion was made on the ground of contributory negligence on the part of the plaintiff. It would perhaps be helpful if we quoted the learned trial judge below, *in extenso,* on his disposition or ruling on the aforesaid grounds urged in support of the motion to direct a verdict in favor of appellants. He said:

"As to the ground first specified, that there is no negligence shown on the part of the Yellow Cab Company, the court takes the position that the testimony is capable of the construction that the plaintiff started to cross the street while the yellow cab was standing still and that the yellow cab started up and hit her in the back as she was approaching the isle. Therefore, the motion on ground 1 is denied.

"As to the second ground, to wit, contributory negligence on the part of the plaintiff, the testimony is that she started to cross, that the traffic was standing still, that she got so far that her back was to the traffic and that she was approaching the isle when she was hit in the back. Therefore, the court is of the opinion that the evidence is capable of the construc-

tion that she was not guilty of contributory negligence. and the motion on that ground is denied.

"As to the third ground, to wit, that there is nothing shown that the cab of the defendant was the object that struck plaintiff, the court holds that the admission in answer number 2, paragraph 2, referring to paragraph 2 of the complaint, is sufficient inasmuch as the language is that the defendant admits that it owned and operated the taxicab, the view of the court being that the word "the" refers to the taxicab described and referred to in paragraph 2 of the complaint.

"As to the defendant Weiner the same remarks apply with respect to the first ground of the motion and the same remarks apply with respect to the second ground of the motion and, therefore, the motions of defendant Weiner are denied on both grounds."

The exceptions, properly taken to the court's ruling, plus three exceptions to the charge by the court (grounds of appeal numbers 5, 6 and 7), constitute all of the grounds of appeal urged and argued by appellants.

It is the well established law of our state that proof of the defendant's ownership of an automobile driven on the public highway raises a presumption of fact that such automobile was in the possession of the defendant, if not personally, then through its servant, the driver, and that such driver was acting within the scope of his employment; and, where these presumptions are not overcome by uncontradicted proof to the contrary, a motion to direct a verdict for the defendant upon the ground that the driver was not the servant of the defendant or was not acting within the scope of his employment must be denied. *Simmons* v. *Wiley Methodist Episcopal Church,* 112 *N. J. L.* 129; 170 *Atl. Rep.* 237. See, also, *Dooley* v. *Saunders U Drive Co.,* 109 *N. J. L.* 295; 162 *Atl. Rep.* 556; *Kirrer* v. *Bromberg,* 113 *N. J. L.* 98; 172 *Atl. Rep.* 498. In the instant case we have not only the legal presumption of ownership and operation, which remained uncontradicted, but we have the admission thereof by Yellow Cab, Incorporated. And also, that on a motion for nonsuit and direction that it admits the truth of plaintiff's evidence, and

of every inference of fact that can be legitimately drawn therefrom, but denies its sufficiency in law and that where the evidence on behalf of the plaintiff, and the inferences reasonably arising therefrom, will support a verdict for the plaintiff, a motion for a nonsuit must be denied. *Jackson* v. *Delaware, Lackawanna and Western Railroad Co.*, 111 *N. J. L.* 487; 170 *Atl. Rep.* 22; *Lipschitz* v. *New York and New Jersey Produce Corp.*, 111 *N. J. L.* 392; *Repasky* v. *Novich*, 113 *Id.* 126; 172 *Atl. Rep.* 374. And also, that in passing upon a motion to nonsuit and to direct a verdict upon the ground that there was no evidence of the defendant's negligence, the court is not concerned with the credibility of witnesses nor with the weight of the evidence, but must take as true all evidence which supports the plaintiff's view and must give him the benefit of all legitimate inferences which may be drawn therefrom, in his favor; and where the evidence is such that reasonable minds may differ as to the fair conclusion to be drawn therefrom as to whether or not the defendant exercised reasonable care, a jury question is presented, and such motions must be denied. *Lozio* v. *Perrone*, 111 *N. J. L.* 549; *Toscani* v. *Quackenbush Co.*, 112 *Id.* 173; 170 *Atl. Rep.* 212. And where fair-minded men might honestly differ as to the conclusion to be drawn from facts, whether controverted or uncontroverted, the question at issue should go to the jury. *Sakos* v. *Byers*, 112 *N. J. L.* 256.

Applying these principles of law to the facts of the instant case, we are of the firm opinion that the trial judge properly denied the motion made and submitted the case for the determination by the jury. The admission of ownership and operation was significant. It was proof thereof. It apprised plaintiffs through their counsel, that there was no dispute and that there would be no disputing of the fact that defendants admitted the ownership of the taxicab and its operation as alleged in the complaint. No oral proof thereof could be more certain. In fact, no further proof on that score was necessary.

Plaintiffs below apparently relying on the admission as to ownership and operation proceeded to prove the only other elements necessary on their affirmative proofs, namely, the

negligence and consequent injuries and damages, as alleged. Plaintiffs submitted their proofs of negligence, injuries and damages. The defendants, as indicated, offered no proofs. Under this posture of the case it was open for the jury to find, as it did, that the plaintiffs had established their respective claims as alleged by them.

It shall serve no useful purpose to restate the three portions of the court's charge complained of. Suffice it to say that we have carefully examined them and find the objections thereto to be without merit. No substantial rights of the appellants have been injuriously affected.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.