20 N.J. Super. 346 (1952)
90 A.2d 19
THOMAS SCHULTZ, AS ADMINISTRATOR, ETC., PLAINTIFF-RESPONDENT,
v.
JOHN S. HINZ, DEFENDANT-APPELLANT, AND NICHOLAS J. AMODEO, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued April 21, 1952.
Decided June 20, 1952.
*348 Before Judges EASTWOOD, BIGELOW and FRANCIS.
Mr. Joseph Keane argued the cause for the respondent (Messrs. Milton, McNulty & Augelli, attorneys).
Mr. Elmer J. Bennett argued the cause for the appellant (Messrs. Carpenter, Gilmour & Dwyer, attorneys; Messrs. Patrick A. Dwyer and James P. Beggans, of counsel; Mr. Milton A. Dauber, on the brief).
The opinion of the court was delivered by BIGELOW, J.A.D.
The plaintiff was injured and his wife killed in a collision between their automobile and a truck *349 driven by the defendant Amodeo and owned by the defendant-appellant Hinz. The plaintiff, who sues individually and as administrator ad prosequendum, obtained a severance and proceeded to trial against Hinz alone. The jury returned a verdict in favor of plaintiff and against Hinz and the latter appeals. After all the evidence was in, Hinz moved for judgment on the ground that the truck driver at the time of the accident was not acting as his agent and hence that he was not answerable for the driver's negligence. The denial of the motion is the only reason presented for reversal.
The appellant's answer admitted ownership of the truck which was driven by Amodeo at the time of the accident. The plaintiff offered no evidence that Amodeo was the servant of Hinz, acting within the scope of his employment, but relied upon the presumption arising from ownership of the truck. Edgeworth v. Wood, 58 N.J.L. 463 (Sup. Ct. 1896). For the effect of presumptions generally, see O'Dea v. Amodeo, 118 Conn. 58, 170 A. 486 (Conn. Sup. Ct. Err. 1934) and article by Professor Morgan, 44 Harv. L.R. 906. Hinz, in his testimony, admitted that Amodeo was in his employ but denied, in effect, that he was acting within the scope of his employment. Amodeo did not testify; Hinz himself was the only witness for the defense. This was the substance of his testimony: Hinz was in the food and produce business. Amodeo drove a truck for him and hawked the produce from the truck. The afternoon before the accident, Hinz told Amodeo, "Pick me up tomorrow morning at about 4 o'clock; we are going to Hightstown." He told him meanwhile to leave the truck in front of his, Amodeo's, home or at the yard where Hinz' trucks were usually parked when not in use.
The accident occurred at 1 o'clock in the morning at Webster Avenue and Griffith Street, in Jersey City. It is appellant's contention that Amodeo could not have been pursuing his master's business, at the hour and at the place where the truck collided with plaintiff's automobile. Hinz testified that his yard was located at 224 Railroad Avenue; that Amodeo lived seven or eight blocks away, "on Monmouth Street, right *350 off of Fourth," and that Hinz himself lived at 317 Ege Avenue. But no witness mentioned the municipality in which these streets lie, and no map was introduced in evidence. We add that counsel admit that there are in Jersey City streets bearing the names recited and that Hinz' answer filed in the cause states that he resides in that city. The street addresses were brought out on the cross examination of Hinz, conducted by plaintiff's counsel who seemed well acquainted with the facts and to have assumed that the jury understood the import of the testimony. We quote:
"Where do you live? Ege Avenue  317 Ege Avenue.

* * * * * * * *
Now, how far does Amodeo live from your yard? Maybe about 7 or 8 blocks.
What is the address? Exactly, offhand I don't know his address, but he lives on Monmouth Street right off of Fourth.
Where is your place of business? Railroad Avenue.
And Railroad Avenue is one block in back of Newark Avenue, is it not? No, two blocks back of Newark Avenue.
And Fourth Street and Monmouth is how many blocks from Newark Avenue? Two blocks.
So, it is four blocks, from your yard to his home? No, mine is up in the middle of the block.
Oh, it is four and a half blocks. Excuse me. So, he lives four and a half blocks away from your place of business at 224 Railroad Avenue? That's right."
Note that Newark Avenue and the street number, 224, on Railroad Avenue were first mentioned by plaintiff's attorney and not by the witness.
A trial court may take judicial notice of those geographical facts that are the subject of such general knowledge in the place where the court is held, that jurymen, drawn from the vicinage, may reasonably be expected to be familiar with them. Katz v. Helbing, 205 Cal. 629, 271 P. 1062; 62 A.L.R. 625 (Cal. Sup. Ct. 1928); Paulauskis' Case, 126 Me. 32, 135 A. 824 (Me. Sup. Jud. Ct. 1927). Cf. Connett v. United Hatters, 76 N.J. Eq. 202 (Ch. 1909), and Stubbins v. Atlantic City Elec. Co., 136 N.J. Eq. 327, 333 (Ch. 1945). And see 31 C.J.S., Evidence, § 33, p. 586. The trial of this *351 cause was held in the Court House on Newark Avenue in Jersey City. We have no doubt that the jurymen understood that the several streets mentioned were located in Jersey City and that they were aware of the relative location of the streets. In deciding whether the evidence presented a jury question, we should act with the same understanding and take notice of the same facts. Taking into consideration the relation to each other of the places mentioned, it is apparent that Amodeo, at the time of the collision, was not on his way from the yard or his home to Hinz' home. Nor was he driving to Hinz' home from any point, unless he planned to arrive two hours ahead of the hour which Hinz testified was appointed. Hinz did not, however, state that it was at his home on Ege Avenue that Amodeo was directed to pick him up, although counsel seem to have assumed as much.
Let us first consider the circumstance that Amodeo did not testify. The unexplained failure of a party to produce a witness whom he would naturally be expected to call, permits the inference that his testimony would have been unfavorable to that party. Roach v. Yellow Cab Co., 6 N.J. Misc. 386 (Cty. Ct. 1928); Series Publishers, Inc., v. Greene, 9 N.J. Super. 166 (App. Div. 1950). And see annotations in 70 A.L.R. 1326 and 5 A.L.R.2d 893. Hinz testified that Amodeo stopped working for him right after the accident, but that he still had a key to the gate at Hinz' yard; that Amodeo was in court while Hinz was testifying and that the two men lunched together that day. On the other hand, the record shows that plaintiff voluntarily surrendered a default that had been entered because of Amodeo's failure to answer, and that plaintiff proceeded to trial against Hinz alone, while still holding his case against Amodeo. From these circumstances, Hinz argues that it was to Amodeo's interest that responsibility be fastened on Hinz and that to use Amodeo as a witness would have been too risky. All in all, we believe the inference is justified that Hinz procured Amodeo's attendance in court, that during lunch they discussed the case, that Hinz concluded that Amodeo's testimony *352 would be unfavorable and therefore decided not to call him to the stand.
The presumption that Amodeo was acting within the scope of his employment when the accident took place, was rebuttable. To overcome the presumption, Hinz relied on his own testimony to the effect that Amodeo was not acting within the scope of his employment. His testimony was uncontradicted. If it was clear, was not reasonably subject to diverse interpretation, and was not of such character that the jury would be justified in disbelieving it, the trial court should have taken the case from the jury and awarded judgment for the appellant. Doran v. Thomsen, 76 N.J.L. 754 (E. & A. 1908); Patterson v. Surpless, 107 N.J.L. 305 (E. & A. 1930); Dooley v. Saunders U-Drive Co., 109 N.J.L. 295 (E. & A. 1932); Hoffman v. Lasseff, 110 N.J.L. 122 (E. & A. 1933); Kirrer v. Bromberg, 113 N.J.L. 98 (Sup. Ct. 1934). But if the evidence was not clear, or if contradictory inferences could be drawn, or if, in the situation presented, the jury was not required to accept the evidence as true, the issue was properly left to them. Mahan v. Walker, 97 N.J.L. 304 (E. & A. 1922); Tischler v. Steinholtz, 99 N.J.L. 149 (E. & A. 1923); Venghis v. Nathanson, 101 N.J.L. 110 (E. & A. 1925).
Assuming that Hinz' testimony was true, were the inferences to be drawn from it clear? Amodeo was to call for Hinz about 4 A.M. on the day of the accident. If the meeting place agreed upon was Hinz' residence, it seems to follow that Amodeo was not acting within the scope of his employment at the time of the accident. But Hinz did not testify, no one testified, that the meeting place was the Ege Avenue house. In that respect, the testimony was not as clear as it should have been.
The question whether the trier of the facts must accept uncontradicted testimony as true, was considered with care in In re Perrone, 5 N.J. 514 (1950). While uncontradicted testimony should ordinarily be taken as true and ought not be capriciously rejected, yet it may be rejected *353 if there appears to be good reason for such an action. In the federal courts and some other jurisdictions, it is held broadly that the unsupported testimony of a party, even though uncontradicted, should not be accepted as the basis of a directed verdict, but should always be submitted to the jury. Sartor v. Arkansas, etc., Corp., 321 U.S. 620; 64 S.Ct. 724, 88 L.Ed. 967 (1944). And see Annotations, 8 A.L.R. 814 and 72 A.L.R. 27 and 59. Contrast, Cooley v. Barcroft, 43 N.J.L. 363 (Sup. Ct. 1881); Paul v. Flannery, 128 N.J.L. 438 (E. & A. 1942). We will assume that in New Jersey a verdict may be directed upon the uncorroborated testimony of a party. But certainly the interest Hinz had in the outcome of the cause was a factor weighing against his motion for judgment, although it was not by itself a decisive factor. Hinz' failure to call upon Amodeo for corroboration was added justification for the denial of the motion. Crampton v. Crampton, 205 Mich. 233, 171 N.W. 457 (Mich. Sup. Ct. 1919); Stephon v. Topic, 147 Minn. 263, 180 N.W. 221 (Minn. Sup. Ct. 1920); Saranac, etc., Co. v. Arnold, 167 N.Y. 368, 60 N.E. 647 (N.Y. Ct. Apps. 1901). Amodeo was the only person who could have contradicted or corroborated Hinz. Since he did not testify, the situation is somewhat analogous to that in which the only person who could have contradicted the witness is dead. A verdict ought not be directed on the uncontradicted testimony of a single witness  whether a party or not  when the only person who could have contradicted the witness is dead. Hyman v. Bierman, 130 N.J.L. 170 (E. & A. 1943).
Taking into consideration the total situation, we conclude that the denial of the motion for judgment was not erroneous and that the judgment should be affirmed.